**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ALFORD, <br><br> Plaintiff, <br><br> v. <br><br> CAMDEN COUNTY METRO POLICE, *et al.*, <br><br> Defendants. | No. 24cv9584 (EP) (JBC) <br><br> **OPINION** |

**PADIN**, **District Judge.**

Plaintiff Charles Alford filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). D.E. 1. Plaintiff seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed IFP without paying the filing fee.

Plaintiff submitted the IFP application for prisoners. D.E. 1-1. As Plaintiff is not incarcerated, he must submit a new IFP application on the correct form. The Court will direct the Clerk to administratively terminate the Complaint pending receipt of the $ 350 filing fee and $ 55 administrative fee or an IFP application on the correct form.[1] The Clerk will be directed to reopen

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

the matter once plaintiff submits a new IFP application or pays the filing fee.  An accompanying Order will be entered.

Dated: November 15, 2024

                                                                                 Evelyn Padin, U.S.D.J.

2