<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ALFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY METRO POLICE, *et al.*,<br><br>    Defendants. | No. 24cv9584 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Charles Alford, a former pretrial detainee confined in the Camden County Correctional Facility ("CCCF"), alleges that Defendants Detective Jan Guinto ("Detective Guinto") and Camden County Metro Police ("Camden County") violated his right to due process under the Fourteenth Amendment, and Defendant Warden Karen Taylor ("Warden Taylor") subjected him to cruel and unusual punishment in violation of the Eighth Amendment. D.E. 1 ("Complaint" or "Compl."). He also seeks to proceed *in forma pauperis*. D.E. 6 ("IFP Application").

Alford's IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. The Court will therefore **GRANT** the IFP Application and screen the Complaint for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court will **DISMISS** the Complaint ***without prejudic*e** and grant leave to amend. Alford will have 45 days to file a Proposed Amended Complaint.

**I.     BACKGROUND**

Alford alleges that on December 2, 2023, a witness reported to the Camden County Metro Police Department that Alford had threatened her with a firearm on November 27, 2023. Compl.

at 6.[1]  The same witness alleged Alford sexually assaulted her two days later in New York.  *Id.*  On December 2, 2023, Detective Guinto, in connection with the United States Fugitive Taskforce, arrested Alford based solely on the witness's allegations.  *Id.*  Plaintiff alleges that Detective Guinto failed to: (1) ask Alford if he had an alibi for the November 27, 2023 incident; (2) interview Alford's mother, who allegedly had witnessed the incident; and (3) review camera footage that would have revealed Alford's whereabouts before, during and after the alleged incident.  *Id.* at 6-7.  Alford was detained in CCCF for eleven days, and released when it was determined that the witness's allegations were false and all charges were dropped.  *Id.* at 7.  He contends Detective Guinto's actions in requesting a warrant and detaining him without conducting a proper investigation violated his right to due process.  *Id.*  Alford further argues Camden County is liable under 42 U.S.C. § 1983 for failing to train and supervise its officers.  *Id.*

Alford was attacked by another inmate in CCCF on December 13, 2023.  *Id.* at 9.  He sustained a painful meniscus and ACL tear with severe swelling.  *Id.*  Officers Justin Paneto, James Richer, and Michael Clayborne, and Sergeant Damian Pearson ignored Alford's requests for medical attention.  *Id.*  CCCF staff forced Alford to walk on his injured leg.  *Id.*  He was kept in lock-up for two days until his release on December 15, 2023.  *Id.*  Alford sought treatment at Cooper University Hospital after his release from CCCF.  *Id.*  It appears that Alford is pursuing this claim solely against Warden Karen Taylor.  *Id.*  Alford seeks damages, costs and fees, declaratory and injunctive relief.  *Id.* at 10.

---

[1]  The Complaint is only partially page-numbered.  Therefore, the Court will cite to the pages assigned to the Complaint by the Court's electronic document filing system ("CM/ECF").

II.     **LEGAL STANDARD**

District courts are required to review civil complaints filed by prisoners who have been granted IFP status, and *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(b). When reviewing claims for dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), courts apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Courts "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

III.    **DISCUSSION**

A.      **Claims Under 42 U.S.C. § 1983**

To bring a claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, each defendant "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Saisi v. Murray*, 822 F. App'x. 47, 48 (3d Cir. 2020) (per curiam) (cleaned up). Allegations of personal involvement must be made with appropriate particularity. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (holding facts alleged did

not support a reasonable inference of a defendant's personal involvement in the misconduct alleged).

B.  **Alford Fails to State a Claim for False Arrest or False Imprisonment Under the Fourth and Fourteenth Amendments**

Alford characterizes his claim against Detective Guinto as a violation of his Fourteenth Amendment due process rights. When a "substantive due process claim could be repackaged under a more specific constitutional provision, it is not cognizable under the Due Process Clause." *Tingey v. Gardner*, 827 F. App'x 195, 198 (3d Cir. 2020) (per curiam) (cleaned up). The Court, therefore, construes Alford's allegations as raising claims for false arrest and false imprisonment under the Fourth Amendment, applicable to pretrial detainees through the Fourteenth Amendment. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Manuel v. City of Joliet*, 580 U.S. 357, 367-68 (2017) (false imprisonment claims stemming from pretrial detention are governed by the Fourth Amendment until the start of legal process). To state a claim for false arrest, a plaintiff must allege: (1) the defendant arrested him; and (2) the arrest was made without probable cause. *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). For false imprisonment claims, the plaintiff must show he was arrested and detained without probable cause, meaning there was no warrant or judicial authorization. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).

Here, Alford alleges that Detective Guinto arrested him based solely on a witness's statements without conducting an adequate investigation. Compl. at 6-7. He asserts that Detective Guinto failed to consider exculpatory evidence, such as his alibi, witness statements from his mother, and surveillance footage. *Id.* These allegations, even accepted as true, do not plausibly allege that Detective Guinto lacked probable cause to arrest Plaintiff. The presence of an eyewitness's sworn allegations, particularly one alleging both a firearm threat and a sexual assault, is generally sufficient to establish probable cause unless the officer had reason to doubt the

4

witness's credibility. *See Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) ("[A] positive identification by a victim witness, without more, would usually be sufficient to establish probable cause."); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d Cir. 2000) ("Probable cause exists if at the moment the arrest was made, the facts and circumstances within the officer's knowledge were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense."). Alford does not allege that Detective Guinto was aware of any reason to question the witness's reliability or that the warrant (if one issued) was unsupported by sworn statements. Rather, construing all reasonable inferences in Alford's favor, his allegations suggest, at most, negligence in conducting a full investigation before making the arrest, which is not actionable under § 1983. *See Baker v. McCollan*, 443 U.S. 137, 146 (1979) (distinguishing constitutional violations from tortious conduct under state law).

Further, Alford acknowledges that he was held in pretrial detention pursuant to a judicial determination. Compl. at 7. Once the legal process begins — for example, upon issuance of a warrant or probable cause finding by a magistrate — a claim for false imprisonment ends. *See Wallace*, 549 U.S. at 389. Because Alford's detention was the result of judicial process, he cannot maintain a Fourth Amendment claim for false imprisonment based on the eleven-day period of incarceration.

Accordingly, the Court finds that Alford has failed to state a claim for false arrest or false imprisonment under the Fourth and Fourteenth Amendments. The Court will **DISMISS** these claims ***without prejudice*** and grant Alford leave to amend should he be able to allege facts showing the absence of probable cause or misrepresentation of facts to a judicial officer.

C.     **Alford Fails to State a Claim Against Camden County Under § 1983**

Alford alleges that Camden County (sued as Camden County Metro Police) is liable under 42 U.S.C. § 1983 for violations of his constitutional rights resulting from its alleged failure to train and supervise its law enforcement personnel, specifically regarding the arrest and investigation conducted by Detective Guinto. Compl. at 6-7. Construing this as a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court finds that Alford fails to state a plausible claim for relief.

Under *Monell*, a municipality cannot be held liable under § 1983 based solely on the acts of its employees through a theory of respondeat superior. *Id.* at 691. Instead, to state a claim, a plaintiff must allege that the constitutional violation was caused by a municipal policy, practice, or custom that reflects deliberate indifference to the rights of individuals. *See Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Alford fails to identify any such policy, practice, or custom. His Complaint contains only a conclusory assertion that Camden County failed to train or supervise its officers. Compl. at 7. These bare allegations, unsupported by factual details, are insufficient under Federal Rules of Civil Procedure 8(a) and Rule 12(b)(6) pleading standards. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (affirming dismissal where plaintiff did not plead facts suggesting a specific policy or failure to train that caused the harm).

Further, a plaintiff alleging failure to train must demonstrate not only a failure by the municipality, but that the failure reflects deliberate indifference to the rights of persons with whom

the police come into contact. *Canton*, 489 U.S. at 388. This typically requires allegations of a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Alford alleges no such pattern or history. Nor does he identify any prior incidents or specific deficiencies in Camden County's training program that would have put it on notice that constitutional violations were likely to occur. In the absence of allegations plausibly showing that a municipal policy or custom caused a deprivation of Alford's constitutional rights, the Court finds that he has failed to state a claim against Camden County. Accordingly, the Court will **DISMISS** the claims against Camden County *without prejudice*, and grant leave to amend should Alford be able to allege facts amounting to an unconstitutional policy, practice, or custom.

      **D.**      **Alford Fails to State a Claim Against Warden Taylor for Denial of Medical Care**

Alford alleges that while detained at CCCF, he was attacked by another inmate, resulting in a painful meniscus and ACL tear. Compl. at 9. He claims that CCCF officers refused to provide him medical treatment and forced him to walk on his injured leg. *Id.* Alford asserts that Warden Taylor violated his constitutional rights by enforcing policies that resulted in the denial of necessary medical care. *Id.* Alford invokes the Eighth Amendment, but his claim is properly analyzed under the Fourteenth Amendment's Due Process Clause, as he was a pretrial detainee at the time of the alleged events. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (Fourteenth Amendment governs medical care claims of pretrial detainees, rather than the Eighth Amendment).

To state a Fourteenth Amendment claim for denial of medical care, a pretrial detainee must allege: (1) a serious medical need and (2) that prison officials acted with deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023). Deliberate indifference is a subjective standard and requires that the

7

official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the official actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Alford does not allege that Warden Taylor was personally involved in, or aware of, his injury or the denial of medical care. He does not allege that she directed subordinates to deny him care, or that she knew of and acquiesced in their alleged misconduct. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Alford instead attributes liability to Warden Taylor by alleging that the denial of care occurred "due to the policies enforced by Karen Taylor." Compl. at 9. However, he does not identify what specific policy, practice, or custom caused the denial of medical care. To establish supervisory liability under § 1983, a plaintiff must show either: (1) that the supervisor established or maintained a policy, practice, or custom with deliberate indifference to its consequences; or (2) that the supervisor personally participated, directed others to act, or had knowledge of and acquiesced in the unconstitutional conduct. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, 575 U.S. 822 (2015). Alford's allegations are entirely conclusory and unsupported by factual detail. He does not describe the substance of the policy he claims caused his injury, nor does he allege a pattern of similar incidents that might support an inference of deliberate indifference. Absent such allegations, he fails to state a claim. Accordingly, the Court will **DISMISS** the claims against Warden Taylor ***without prejudice***, and grant Alford leave to amend to allege sufficient facts regarding Warden Taylor's involvement in the alleged denial of medical care or identify others with such involvement.

### E. The Court Will Grant Leave to Amend

Generally, when a court dismisses a complaint under Section 1915(e)(2)(b), the court should "grant leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Alford may be able to allege facts that would cure the deficiencies in his claims identified above. The Court will grant him **45 days** to submit a Proposed Amended Complaint. The Proposed Amended Complaint will be subject to this Court's Section 1915 review prior to service. Failure to submit a Proposed Amended Complaint within 45 days of the accompanying Order may result in dismissal of all claims ***with prejudice*** without further notice.[2]

### IV. CONCLUSION

For the reasons stated above, the Court will grant Alford's IFP application, **DISMISS** ***without prejudice*** the Complaint for failure to state a claim, and grant leave to amend **within 45 days**. An appropriate Order follows.

Dated: April 8, 2025

                                                                            Evelyn Padin, U.S.D.J.

---

[2] The Amended Complaint will supersede the Complaint. This means when the Amended Complaint is filed, any allegations that have not been included in the Amended Complaint are no longer part of the case. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1476 (3d. ed. 1997) (footnotes omitted). The Amended Complaint may incorporate allegations from the Complaint, but identification of the particular allegations to be incorporated must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an Amended Complaint that is complete in and of itself. *Id.*