**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CHARLES ALFORD,

    Plaintiff,

    v.

CAMDEN COUNTY, *et al.,*

    Defendants.

No. 24cv9584 (EP) (JBC)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

*Pro se* Plaintiff Charles Alford, a former pretrial detainee confined in the Camden County Correctional Facility ("CCCF"), filed an amended complaint, D.E. 9 ("Amended Complaint" or "Am. Compl."), after this Court dismissed his original complaint, D.E. 1 ("Complaint" or "Compl."), without prejudice and granted leave to amend, *see* D.E. 7 ("Opinion Dismissing Complaint").

The Amended Complaint stems from allegations that: (1) Defendant Detective Jan Guinto—a Camden County Metro detective—violated Plaintiff's right to due process under the Fourteenth Amendment in arresting and charging him with a crime, Am Compl. at 1–3; and (2) while Plaintiff was subsequently incarcerated at the Camden County Jail, Defendants Officers Justin Paneto, James Richer, and Michael Clayborne (the "Officer Defendants"), and Sergeant Damian Pearson failed to protect Plaintiff and acted with deliberate indifference to Plaintiff's serious medical needs and safety in violation of the Eighth and Fourteenth Amendments, and Defendants Warden Karen Taylor and Camden County are subject to supervisory/policy-based and municipal liability, respectively, for the deliberate indifference to Plaintiff's medical needs,

*id.* at 1–5.

The Court screens the Amended Complaint under 28 U.S.C. § 1915(e)(2)(b).  For the reasons set forth below, the Court will permit (1) the inadequate medical care claim against the Officer Defendants and Sergeant Pearson in Count II of the Amended Complaint and (2) the non-policy based supervisory liability claim against Warden Taylor in Count IV to **PROCEED** but will **DISMISS** *without prejudice* all other claims in the Amended Complaint.

## I.    BACKGROUND[1]

After Plaintiff filed his Complaint and an application to proceed *in forma pauperis* ("IFP"), D.E. 6, the Court dismissed Plaintiff's Complaint without prejudice and granted Plaintiff leave to amend, Opinion Dismissing Complaint.

In the Amended Complaint, Plaintiff alleges that on or about December 4, 2023, Plaintiff's ex-girlfriend accused Plaintiff of threatening her with a firearm.  Am. Compl. at 2.  As a result of this accusation, Detective Guinto arrested Plaintiff "relying solely on the false report of the alleged victim." *Id.*  Plaintiff was then incarcerated at CCCF. *Id.*  While in custody, Plaintiff was assaulted by another inmate and suffered a torn meniscus and ACL, which required surgery. *Id.*  The Officer Defendants and Sergeant Pearson failed to take steps to notify medical staff, call for an ambulance, or provide meaningful care, despite Plaintiff directly informing each of them that he was in extreme pain, had limited mobility, and needed hospital care. *Id.*  Plaintiff was subsequently kept in lock-up. *Id.*  Following this, both Sergeant Pearson and Plaintiff's sister, Cheryl Alford, informed Warden Taylor of Plaintiff's medical condition. *Id.*  Plaintiff alleges that Warden Taylor "falsely claimed that Plaintiff had refused outside medical treatment" and alleges that her actions led to

---

[1] The facts in this Section (and throughout this Opinion) are taken from the well-pled factual allegations in the Amended Complaint, which the Court presumes to be true for purposes of screening the Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

prolonged suffering.  *Id.* at 2–3.  Plaintiff further alleges that Warden Taylor "has done this to other inmates to prevent negative media attention, in furtherance of a jail-wide practice of suppressing evidence of inmate injuries."  *Id.* at 3.

Plaintiff alleges the following claims for relief: (1) false arrest and malicious prosecution under 42 U.S.C. § 1983 against Detective Guinto (Count I), (2) failure to protect and deliberate indifference under 42 U.S.C. § 1983 against the Officer Defendants and Sergeant Pearson (Count II), (3) municipal liability against Camden County (Count III), and (4) supervisory and policy-based liability against Warden Taylor (Count IV).  *Id.* at 3–4.  Plaintiff seeks damages, costs and fees, and any other relief the Court deems proper.  *Id.* at 4.

## II.    LEGAL STANDARD

District courts are required to screen civil complaints filed by prisoners who have been granted IFP status, and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(b).

When reviewing claims for dismissal for failure to state a claim under § 1915(e)(2)(b)(ii), courts apply the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the plaintiff's "obligation to provide the 'grounds'

3

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Durham*, 82 F.4th at 223 (quoting *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.     DISCUSSION

To bring claims under 42 U.S.C. § 1983, as Plaintiff does here, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation modified). Additionally, each defendant "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Saisi v. Murray*, 822 F. App'x. 47, 48 (3d Cir. 2020) (per curiam) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007)). Allegations of personal involvement must be made with appropriate particularity. *See Evancho v. Fisher*, 423 F.3d 347, 353–54 (3d Cir. 2005) (holding facts alleged did not support a reasonable inference of a defendant's personal involvement in the misconduct alleged).

Applying these standards (and those discussed further below) to Plaintiff's Amended Complaint, the Court will ultimately allow (1) the inadequate medical care claim against the Officer Defendants and Sergeant Pearson in Count II of the Amended Complaint and (2) the non-policy based supervisory liability claim against Warden Taylor in Count IV to **PROCEED** but will **DISMISS** *without prejudice* all other claims in the Amended Complaint.

4

**A.      The Court Will Dismiss Plaintiff's False Arrest and Malicious Prosecution Claim Against Detective Guinto (Count I)**

Plaintiff's Amended Complaint reasserts the claim he made in his Complaint that Detective Guinto violated his Fourteenth Amendment due process rights by falsely arresting and maliciously prosecuting him. *Compare* Am. Compl. at 3, *with* Compl. at 6–8. For the reasons explained below, Plaintiff has failed to state a claim for false arrest or malicious prosecution against Detective Guinto.

*1.      False arrest*

To state a claim for false arrest against a defendant, a plaintiff must allege that (1) the defendant arrested him and (2) the arrest was made without probable cause. *See Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

Plaintiff's claim for false arrest in his Amended Complaint fails for the same reasons previously articulated by the Court with respect to the same claim in his Complaint. *See* Opinion Dismissing Complaint at 4–5. Plaintiff realleges that Detective Guinto arrested Plaintiff relying solely on a false report made by the alleged victim. Am. Compl. at 2. This Court has already explained that a positive identification made by a victim witness, without more, is usually sufficient to establish probable cause. *See* Opinion Dismissing Complaint at 4–5 (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) ("[A] positive identification by a victim witness, without more, would usually be sufficient to establish probable cause.")). Because Plaintiff makes the same allegations, without adding any new facts that would plausibly establish that Detective Guinto was aware of any reason to question the witness's reliability or that the warrant (if one was issued) was unsupported, the Court will **DISMISS** Plaintiff's false arrest claim against Detective Guinto in Count I ***without prejudice*** and grant leave to amend should he be able to allege facts showing the absence of probable cause or misrepresentation of facts to a judicial officer upon the

5

issuance of the arrest warrant.

### 2.    *Malicious prosecution*

Turning to Plaintiff's newly asserted malicious prosecution claim, Plaintiff maintains that the actions of Detective Guinto amount to malicious prosecution.  Am. Compl. at 3.  To state a claim for malicious prosecution, a plaintiff must show that "(1) the defendant[] initiated a criminal proceeding[,] (2) the criminal proceeding ended in plaintiff's favor[,] (3) the proceeding was initiated without probable cause[,] (4) the defendant[] acted maliciously or for a purpose other than bringing the plaintiff to justice[,] and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (citing *Donahue v. Gavin*, 280 F.3d 371, 379–80 (3d Cir. 2002)).  A plaintiff *cannot* make out a claim for malicious prosecution without specifically alleging that the criminal prosecution was terminated in his favor.  *See id.* at 521.  While Plaintiff pleads that his arrest based on "false allegations of a third party, without any independent investigation or corroboration" constitutes malicious prosecution, Plaintiff fails to plead that his criminal prosecution terminated in his favor.  *See* Am. Compl. at 3.  The Court will thus **DISMISS** Plaintiff's malicious prosecution claim against Detective Guinto in Count I ***without prejudice*** for failure to plead that his criminal prosecution terminated in his favor and grant leave to amend should he be able to allege facts showing that it did terminate in his favor.

**B.    The Court Will Dismiss Plaintiff's Failure to Protect Claim in Count II But Will Allow His Inadequate Medical Care Claim in Count II to Proceed**

Plaintiff brings claims for failure to protect and medical deliberate indifference against the Officer Defendants and Sergeant Pearson in Count II of his Amended Complaint.  *See id.* at 2–3.  As explained below, the Court holds that Plaintiff has failed to state a failure to protect claim against these Defendants but has stated a claim for inadequate medical care against those same

Defendants.

>    *1.    Failure to protect*

Prison officials have a duty to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  That duty to guarantee the safety of inmates includes "protect[ing] prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833).  However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  To state a plausible failure to protect claim, a plaintiff must therefore allege that (1) the conditions in which he was incarcerated posed a substantial risk of serious harm, (2) prison officials acted with deliberate indifference to that substantial risk of serious harm, and (3) the officials' deliberate indifference caused harm. *Hamilton*, 117 F.3d at 746.

Here, Plaintiff brings a failure to protect claim in connection with an assault he suffered at the hand of another inmate. *See* Am. Compl. at 3.  But the Amended Complaint does not articulate a plausible basis to suggest that any of the Officer Defendants or Sergeant Pearson failed to protect Plaintiff because it does not allege that they knew the assault was going to occur or that they were aware of some sort of excessive risk to Plaintiff's safety. *See Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (per curiam) ("Here, Burton has failed to allege that Smith behaved with deliberate indifference in unlocking Burton's cell.  The complaint sets forth no facts to suggest that Smith knew that Kindle would attack Burton.").  Accordingly, without more information about the Officers Defendants' and Sergeant Pearson's knowledge of the facts, Plaintiff fails to sufficiently allege that they acted with deliberate indifference to his safety as it relates to the

assault.  The Court will therefore **DISMISS** Plaintiff's failure to protect claim against the Officer Defendants and Sergeant Pearson ***without prejudice*** for failure to state a claim upon which relief may be granted but will grant leave to amend should Plaintiff be able to plead sufficient facts.

    2.  *Inadequate medical care*

  The Court now turns to Plaintiff's claim for inadequate medical care.  A pretrial detainee's claim for inadequate medical care is analyzed under the Fourteenth Amendment and requires pleading a serious medical need and that the defendant acted with deliberate indifference to that need.  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003); *Pearson v. Prison Health Servs.*, 850 F.3d 526, 538 (3d Cir. 2017).  A medical need is "serious" if (1) it "has been diagnosed by a physician as requiring treatment," (2) it "is so obvious that a lay person would easily recognize the necessity for a doctor's attention," or (3) "unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss" "results as a consequence of denial or delay in the provision of adequate medical care."  *Monmouth Cnty. Corr. Instit. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citation modified).  And a defendant acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  This standard requires that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and then drew that inference.  *Id.*

  Compared with the Complaint, the Amended Complaint supplies additional allegations that the Officer Defendants and Sergeant Pearson failed to take steps to notify medical staff, call for an ambulance, or provide meaningful care to Plaintiff, despite being aware of his visible injuries during cell rounds.  Am. Compl. at 2.  Plaintiff further asserts that he repeatedly notified correctional officers of his injuries, stating that he required emergency medical attention from an emergency medical facility.  *Id.*  At this screening stage, these factual allegations permit the

reasonable inference that the Officers Defendants and/or Sergeant Pearson knew of and disregarded Plaintiff's injuries by declining to activate emergency procedures in the face of visibly serious injuries. *See Farmer*, 511 U.S. at 837. These allegations are therefore sufficient to state a plausible Fourteenth Amendment deliberate indifference claim against the Officer Defendants and Sergeant Pearson for inadequate medical care. *See Natale*, 318 F.3d at 582–83; *Pearson*, 850 F.3d at 540–41. Accordingly, the deliberate indifference claim for inadequate medical care against the Officer Defendants and Sergeant Pearson will **PROCEED** past screening.

      **C.**      **The Court Will Dismiss Plaintiff's Municipal Liability Claim against Camden County (Count III)**

Plaintiff brings a municipal liability claim against Camden County in Count III in connection with his deliberate indifference claims in Count II. *See* Am. Compl. at 3–4. Plaintiff has, however, failed to state such a claim.

Under *Monell v. Department of Social Services*, a municipality cannot be held liable under § 1983 based solely on the acts of its employees through a theory of *respondeat superior*. 436 U.S. 658, 691 (1978). Instead, to state a claim, a plaintiff must allege that the constitutional violation was caused by a municipal policy, practice, or custom that reflects deliberate indifference to the rights of individuals. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

But Plaintiff fails to identify any such policy, practice, or custom. Plaintiff provides only a conclusory allegation that Camden County, "through its policies [and] customs," failed to properly train or supervise its correctional staff and therefore "allowed or encouraged unconstitutional conduct that to Plaintiff's injuries." Am. Compl. at 3–4. These bare allegations, unsupported by factual details, are insufficient under Federal Rules of Civil Procedure 8(a) and Rule 12(b)(6) pleading standards. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010) (affirming dismissal where plaintiff did not plead facts suggesting a specific policy or failure to train that caused the harm). Further, a plaintiff alleging failure to train must demonstrate not only a failure by the municipality, but that the failure reflects deliberate indifference to the rights of persons with whom the defendants come into contact. *See Canton*, 489 U.S. at 388–89. This typically requires allegations of a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Plaintiff alleges no such pattern or history. *See generally* Am. Compl. Nor does he identify any prior incidents or specific deficiencies in Camden County's training program that would have put it on notice that constitutional violations were likely to occur. *See id.* In the absence of allegations plausibly showing that a municipal policy or custom caused a deprivation of Plaintiff's constitutional rights, the Court finds that he has failed to state a claim against Camden County. As such, the Court will **DISMISS** the municipal liability claim against Camden County in Count II *without prejudice* and grant leave to amend should Plaintiff be able to allege facts amounting to an unconstitutional policy, practice, or custom.

    **D.**    **The Court Will Dismiss Plaintiff's Policy-Based Liability Claim Against Warden Taylor in Count IV But Will Permit His Personal Involvement Claim Against Her to Proceed**

Finally, Plaintiff brings a claim against Warden Taylor in Count IV for her role in personally participating in the unconstitutional denial of medical care and also establishing a policy, practice or custom with deliberate indifference to its consequences. *See id.* at 4. To establish supervisory liability under § 1983, a plaintiff must show either (1) that the supervisor established or maintained a policy, practice, or custom with deliberate indifference to its consequences or (2) that the supervisor personally participated in violating the plaintiff's rights,

10

directed others to violate them, or had knowledge of and acquiesced in the unconstitutional conduct of a subordinate. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds*, 575 U.S. 822 (2015). For the reasons explained below, the Court concludes that Plaintiff has failed to state a policy-based liability claim against Warden Taylor but has stated a claim as to her direct involvement in the alleged unconstitutional conduct.

### 1.    *Policy-based claim*

Plaintiff again fails to identify any policy or custom invoked by Warden Taylor that led to the violation of his constitutional rights, much less the substance of any policy. *See* Am. Compl. Accordingly, as it did in its Opinion Dismissing Complaint, the Court will **DISMISS *with prejudice*** any policy-based claim against Warden Taylor in Count IV of the Amended Complaint but grant Plaintiff leave to amend to allege sufficient facts should Plaintiff be able to allege facts amounting to an unconstitutional policy, practice, or custom.

### 2.    *Direct involvement-based claim*

Plaintiff has, however, supplied sufficient additional allegations regarding Warden Taylor personally participating in denying Plaintiff adequate medical care for that claim survive screening. Plaintiff alleges that Sergeant Pearson "informed Warden . . . Taylor directly about Plaintiff's injuries and medical condition" and that Plaintiff's sister also "called Warden Taylor and pleaded for emergency medical intervention," who then "falsely claimed that Plaintiff had refused outside medical treatment"—which was "used to justify continued denial of care." *Id.* at 2–3. At this screening stage, these factual allegations permit the reasonable inference that Warden Taylor personally participated in violating Plaintiff's rights by disregarding Plaintiff's injuries by declining to provide Plaintiff with outside care when informed about Plaintiff's visible injuries and medical condition. *See Barkes*, 766 F.3d at 316; *see also A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv.*

11

*Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (permitting supervisory liability claim for direct involvement in deliberate indifference claim where supervisors had notice of incidents involving plaintiff and took little or no action to protect plaintiff). Accordingly, Plaintiff's claim against Warden Taylor in Count IV based on her direct involvement in Plaintiff's medical care will **PROCEED** past screening.

### E. The Court Will Grant Leave to Amend

Generally, when a court dismisses a complaint under § 1915(e)(2)(b), the court should "grant leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002). Plaintiff may be able to allege facts that would cure the deficiencies in his claims identified above. The Court will therefore grant him 45 days to submit a proposed second amended complaint. The proposed second amended complaint will be subject to this Court's § 1915 review prior to service. Failure to submit a proposed second Amended Complaint within 45 days of this Memorandum Order may result in dismissal of all claims with prejudice without further notice.[2]

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS**, on this 10th day of April 2026,

**ORDERED** that the following claims will **PROCEED** past screening pursuant to 28 U.S.C. § 1915(e)(2)(B):

---

[2] The second amended complaint will supersede the Amended Complaint. This means when the second amended complaint is filed, any allegations that have not been included in the second amended complaint will no longer part of the case. *See* 6 Wright, Miller & Kane, Federal Practice and Procedure Civ. § 1476 (3d. ed. 1997) (footnotes omitted). The second amended complaint may incorporate allegations from the Complaint and/or Amended Complaint, but identification of the particular allegations to be incorporated must be clear and explicit. *Id.* To avoid confusion, the safer course is to file a second amended complaint that is complete in and of itself. *Id.*

- Plaintiff's Fourteenth Amendment claim for inadequate medical care against the Officer Defendants and Sergeant Pearson in Count II of the Amended Complaint; and

- Plaintiff's non-policy based supervisory liability claim against Warden Taylor in Count IV of the Amended Complaint; and it is further

**ORDERED** that all other claims in Plaintiff's Amended Complaint are **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall (a) issue process for Officers Justin Paneto, James Richer, and Michael Clayborne, Sergeant Damian Pearson, and Warden Karen Taylor in accordance with the Court's procedures; and (b) deliver the necessary documents to the United States Marshal for service; and it is further

**ORDERED** that if Plaintiff wishes to attempt to replead the dismissed claims, Plaintiff is granted leave to file a proposed second amended complaint within **45 days** of the date of entry of this order.  The proposed second amended complaint will be subject to screening by the Court under 28 U.S.C. § 1915.  If no proposed second amended complaint is filed within that time, the remaining claims shall be dismissed *with prejudice* without further notice; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

Evelyn Padin, U.S.D.J.

13